On Application por Rehearing.
Pocrcft, J.
In this case, a judgment was rendered by us affirming the judgment appealed from, on the 20th of March, 1882.
On the 30th of March following, within six judicial days, appellant filed the following petition :
“ The petition of C. H. Stewart, the transferree of all the rights of plaintiff and appellant, respectfully shows that he is advised thatthere is error in the judgment rendered by this Honorable Court against him, from which he now seeks to be relievod by this application for a rehearing, upon the grounds fully set forth in the printed brief to be filed.”
And on the same day he presented the following motion and obtained the order thereto attached:
“ Oil motion of Singleton & Browne and Charles Louque, attorneys for appellant, and a showing that appellant has filed a petition for a rehearing, and that a delay of fifteen days is necessary to enable counsel to prepare and print an argument in support of said application.
“ It is, therefore, ordered by the Court, that there be a delay of fifteen days granted to appellant’s counsel to file a brief in support of his application for a rehearing.”
On the 6th of April, following, appellees moved for a rule on appellant to show cause why the judgment rendered by this Court should not be considered final; on the ground that in the petition filed for a rehearing by appellant, on March 30th, 1882, he did not set forth the reasons for which he thought the judgment was erroneous, or cite the authorities in support of his¡ opinion, as required by Art. 912 of the Code of Practice, and did not comply with Rule IX of this Court.
The relief prayed for is resisted by appellant, who strenuously contends that his manner of proceeding is in keeping with the practice of attorneys, and is sustained by the uniform and uninterrupted interpretation given by both Bench and Bar, to the provisions of Art. 912 of the Code of Practice, and of Rule IX of this Court.
The Article of the Code reads as follows:
“ In the interval bet.ween the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply to the Court for a new hearing in the cause; and for *643 this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion.”
Paragraph 1 of the Rule IX, reads as follows:
“ Applications for rehearing must be by petition, filed within the legal delay, and must be accompanied by a printed statement of all the points and authorities on which the party founds his application. Additional time for elaborating the argument on such points and authorities may be granted upon a proper showing, if made before the delay expires.”
The Code of Practice and the Rule both unequivocally and positively require that the application for rehearing must disclose the reasons for which the judgment is charged to be erroneous.
In the exercise of its discretion the Court has provided for a delay to allow the party complaining to elaborate his points, upon which the Code is silent.
But under either proceeding, the application must contain the grounds on which the judgment is assailed.
It is therefore clear, that an application for rehearing which complies neither with the Code nor with the Rule of Court, is fatally defective, and cannot retard the operation of the law under which the judgment becomes final.
The application in this case, complying with neither, cannot be entertained by the Court.
Our attention is called to cases where this Rule, which we consider imperative and inflexible, has been overlooked and not enforced by this Court, acting as alleged, under the uniform practice of veteran attorneys of great capacity and of acknowledged respectability. We can but deplore such erroneous departures from a rule of law so clear, so positive, and so easy of conception and execution, and we conceive it our plain duty, when called upon as in this case, to enforce the rights of a party who claims, according to law, that the judgment rendered in his favor be considered as final, when his opponent has failed to comply with the law, which extended to him the means of having the judgment suspended for the purpose of are-examination of the cause.
Custom or an interpretation which prevailed for a long series of years cannot be successfully invoked to defeat the clear and unambiguous meaning of a express provision of law. 4 N. S. 497, Hicks vs. Duncan & Sons.
Usage can be consulted for the construction of an ambiguous Statute, but not in the case of a clear and mandatory law.
Meeting with a similar proceeding in the case of Rosina Brown vs. *644 Stroud, Executor, 34 A. , wo had determined to apply tho rulo in that caso, hut for reasons which .we give in tho opinion, we abstained, and took occasion to call the attention of tho Bar to this growing loose practice, and had thought that the warning would have been heeded.
Counsel in this case have preferred to deal with our ruling intended to secure a compliance with correct practice, as an obiter dictum, and now present a case in which the point can be finally disposed of.
There is error in the statement of counsel, that the loose practice wlxicli wo seek to correct lias been uniformly sanctioned by this Court, or universally followed by the Bar.
An inspection of the records in the Court shows that a very large number of attorneys strictly comply with the rule as written in the Code.
In the case of the Succession of Tabary, 30 A. 190, the application for rehearing was refused, because it was unaccompanied by a printed statement of the points and authorities on which die party founded his application. The record of that case shows that the manuscript application for rehearing contained numerous i>oints of alleged error in tho judgment.
For similar reasons a rehearing was refused in the case of Lafayette Fire Ins. Co. vs. Remmers, 30 A. 1349.
There is no force in the argument that by our order granting a delay to appellant, for the purpose of elaborating his points,, wo have can-celled Bule IX, quoad this particular case.
It is but fair to state that neither the application nor the motion were read to us, but were referred to by title and endorsement alone. We conceived that the application'filed was in compliance with the law, and we granted the delay contemplated by our Buie, for the purpose of elaborating grounds or points submitted, but not for the purpose of submitting grounds or points not contained in the application.
But if even wo had intended to suspend the effect or operation of our rule, we have no power, and certainly did not intend to deprive appellees of their rights under Article 912 of the Code of Practice.
Whenever a positive rule of law requires a thing to be done, or a proceeding to be instituted within a specified time, courts of justice are powerless to extend tho time thus prescribed or limited, unless the power can be derived from an express provision of law authorizing the exception from the general rule. Thus, the time prescribed by Article 587 of the Code of Practice, for the filing of transcripts of appeal, may, on proper showing, be extended by the appellate tribunal, under the special power conferred by Art. 883, and so of the extension of time authorized to bo granted by Art. 316 of the Code, to a defendant for the purpose of filing his answer.
*645 Hut as no i>ro vision of law sanctions the modification of the positive rule established by Art. 912, C. P., touching the manner of applying for a rehearing, the attempt of this Court to provide for a different rule, or to sanction a contrary proceeding, would be as null as would be the attempt of a District Court in extending, beyond ten days, the time prescribed by Art. 575, for the filing of the appeal bond in suspensive appeals.
Whenever we inadvertently grant an order which may, in its practical effect, contravene a law of the State, we have no hesitation to rescind such order. Chretien vs. Poincy, 32 A. 132; same, 30, Succession of Kuntz.
Our conclusion is, therefore, that the rule was properly taken.
It is, therefore, ordered, adjudged and decreed, that the rule herein be made absolute; that a copy of the judgment rendered in this case on March 20,1882, be issued according to law, and that appellant pay costs of this proceeding.